UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TRAVIS GUNTLE,

          Plaintiff,

                                Case No. 1:24-cv-881

v.

                                Hon. Hala Y. Jarbou

CASS COUNTY SHERIFF'S OFFICE,
 et al.,

          Defendants.
_____/

## **OPINION**

This is a civil action brought by a person who, at the time he filed the action, was detained in the Cass County Jail pending a hearing on a charge of violating his probation. *See* Case Details, *State of Mich. v. Guntle,* No. 2023-000010075-FH (Cass Cnty. Cir. Ct.), https://micourt.courts. michigan.gov/case-search/court/C43 (input Last Name "Guntle," First Name "Travis," press "search," select Case ID 2023-0000010075-FH) (last visited Oct. 2, 2024). Plaintiff has since pleaded guilty to the violation and the state court sentenced him to 365 days incarceration with credit for 246 days of time served. *Id*.

Because Plaintiff is an indigent prisoner who is suing a governmental entity or officer for redress under 42 U.S.C. § 1983, based on his purportedly wrongful detention, pursuant to 28 U.S.C. § 1915 (e)(2), 28 U.S.C. § 1915A(a), and 42 U.S.C. § 1997e(c), the Court is required to dismiss Plaintiff complaint if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton*

*v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Nature of Suit

At the time that Plaintiff initiated this action, he was a detainee, and he was (and is still) a "prisoner" as that term is defined in 28 U.S.C. § 1915(h). Additionally, Plaintiff sues the Cass County Sheriff's Office, the Tribal Police, and the Dowagiac Police Department. The crux of his complaint is that these Defendants aided and abetted another unnamed person who, apparently, reported Plaintiff for domestic violence when Plaintiff contends there was no incident of domestic violence. It appears that the domestic violence was the conduct that violated Plaintiff's probation. Put simply, Plaintiff seeks redress for being wrongfully subjected to the conditions of confinement.

Plaintiff is suing for a violation of his Fourteenth Amendment rights, presumably under 42 U.S.C. 1983. He is also suing for state-law torts: defamation of character and infliction of mental distress. Accordingly, the Court concludes that this is an "action[] other than mandamus brought by a prisoner currently in custody. . . [that] relates to his confinement." Civil Nature of Suit Code Descriptions (Rev. 04/21), Code 540, https://www.uscourts.gov/sites/default/files/js_044_code_descriptions.pdf (last visited Oct. 2, 2024). Therefore, the Court will direct the Clerk to classify this case under Nature of Suit Code 540.

### II. Factual Allegations

Plaintiff's complaint is not a model of clarity. The complaint includes only a few allegations that can be summarized as follows:

> Plaintiff is suing for violation of his "Fourteenth Amendment civil rights."
>
> Plaintiff is suing the Cass County Sheriff's Office, the Tribal Police (presumably the Pokagon Band of Potawatomi Tribal Police, which has their main office in Dowagiac, Michigan), and the Dowagiac Police Department.

2

> Plaintiff is suing Defendants for aiding and abetting the person who turned Plaintiff in for domestic violence, as well as defamation of character and infliction of mental distress.
>
> The person made the domestic violence accusation on August 8, 2024.

Plaintiff does not identify the relief he seeks.

### III.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

      **A.**      **Fourteenth Amendment**

Plaintiff identifies the Fourteenth Amendment as the foundation for his federal claim. The Fourteenth Amendment states, in relevant part:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV, § 1. Plaintiff does not specifically tie his claim to any particular clause. The Court concludes, however, that Plaintiff's factual allegations suggest that Plaintiff's claim arises under the Due Process Clause.[1]

---

[1] With regard to the Privileges and Immunities Clause, the Supreme Court has stated:

> Under the Privileges and Immunities Clause, "[t]he Citizens of each State [are] entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const., Art. IV, § 2, cl. 1. We have said that "[t]he object of the Privileges and Immunities Clause is to 'strongly . . . constitute the citizens of the United States [as] one people,' by 'plac[ing] the citizens of each State upon the same footing with citizens of other States, so far as the advantages resulting from citizenship in those States are concerned.'"

*McBurney v. Young*, 569 U.S. 221, 226 (2013) (citations omitted). Plaintiff's allegations do not implicate that clause.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV, § 1; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250,

The elements of a procedural due process claim are (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process. *Women's Med. Prof'l Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). The process that is due to an accused during a criminal prosecution is described as "the full panoply[2] of protections that our Constitution affords . . . ." *Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir. 2020). Plaintiff does not allege that he was denied any of the protections that the Constitution provides to criminal defendants; rather, he implicitly challenges the allegedly false factual input that resulted in the charge.

The existence of false testimony in a criminal proceeding, standing alone, is not a constitutional violation. *Bower v. Curtis*, 118 F. App'x 901, 908 (6th Cir. 2004); *Welsh v. Lafler*, 444 F. App'x 844, 850 (6th Cir. 2011); *Kennedy v. Mackie*, 639 F. App'x 285, 292 (6th Cir. 2016). And, "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins,* 506 U.S. 390, 400 (1993).

Perjured testimony may give rise to a constitutional claim where it is a "deliberate deception of a court and jurors by the presentation of known false evidence [which] is incompatible with 'rudimentary demands of justice.'" *Giglio v. United States*, 405 U.S. 150, 153 (1972) (quoting

---

260 (6th Cir. 2006). "To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Andrews v. City of Mentor, Ohio*, 11 F.4th 462, 473 (6th Cir. 2021) (quoting *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (internal quotation marks omitted). Plaintiff's allegations do not implicate that clause.

[2] The Oxford English Dictionary defines a panoply as "a full or extensive array of resources." Panoply, *figurative* 3.b." *Oxford English Dictionary*, Oxford UP, https://doi.org/10.1093/OED/1022053764.

*Mooney v. Holohan*, 294 U.S. 103, 112 (1935)). Such a knowing use of perjured testimony amounts to prosecutorial misconduct. But Plaintiff does not allege that the prosecutor knew that the witness's accusation was false. Indeed, in light of Plaintiff's decision to plead guilty, it appears that Plaintiff's characterization of the accusation as false may be inaccurate.

Whether the accusation was true or false, based on Plaintiff's allegations and the Cass County Circuit Court docket, it appears that Plaintiff received all of the process he was due. Accordingly, Plaintiff has failed to state a claim for violation of his Fourteenth Amendment due process rights.

### B.     Fourth Amendment Malicious Prosecution

Plaintiff's claim that his prosecution was founded upon a false accusation does not call into question the propriety of the procedures, but it might give rise to a malicious prosecution claim under the Fourth Amendment. In *Sykes v. Anderson*, 625 F.3d 294 (6th Cir. 2010), the Sixth Circuit recognized the existence of a claim of malicious prosecution arising under the Fourth Amendment, which is cognizable under § 1983. *Id.* at 308 (citing *Wallace v. Kato*, 549 U.S. 384, 390 n.2 (2007)) (assuming without deciding that such a claim existed). The *Sykes* court held that, to succeed on a Fourth Amendment malicious prosecution claim, a plaintiff must show that: (1) a prosecution was initiated against the plaintiff and that the defendant participated in the decision; (2) there was a lack of probable cause for the criminal prosecution; (3) the plaintiff suffered a deprivation of liberty as a consequence of the legal proceedings; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Id.* at 308–09; *see also Webb v. United States*, 789 F.3d 647, 659 (6th Cir. 2015) (citing Sykes, 625 F.3d at 308–09); *Gregory v. City of Louisville*, 444 F.3d 725, 727 (6th Cir. 2006). There is no right to be free from malicious prosecution arising outside of the Fourth Amendment context. *Johnson v. Ward*, 43 F. App'x 779, 782 (6th Cir. 2002) (citing *Spurlock v. Satterfield*, 167 F.3d 995, 1006 n. 19 (6th Cir. 1999)).

Plaintiff cannot state a claim for malicious prosecution because the criminal proceedings were not resolved in Plaintiff's favor.[3] Accordingly, any malicious prosecution claim would be properly dismissed.

### C. State Law Claims

Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants committed state-law torts, therefore, fails to state a claim under § 1983.

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the

---

[3] The unfavorable result—and Plaintiff's guilty plea—certainly also suggest that there was probable cause to proceed with Plaintiff's prosecution.

7

interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotation marks omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, Plaintiff's state-law claims will be dismissed without prejudice.

## **Conclusion**

The Court will direct the Clerk to change nature of suit code for this civil action to 540. Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will dismiss Plaintiff's state-law claims without prejudice because the Court declines to exercise supplemental jurisdiction over them.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated: October 8, 2024                    /s/ Hala Y. Jarbou
                                          HALA Y. JARBOU
                                          CHIEF UNITED STATES DISTRICT JUDGE